IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| DESMOND L. JONES, : | |
| : | |
| Plaintiff : | |
| : | |
| VS. : | |
| : | |
| Sergeant TOMAS CHAVARRIA, : | |
| Patrolman ADAM ROSS BEMBRY, : | |
| Reporter JOSHUA ELLWOOD, and : | NO. 7:06-cv-36(HL) |
| Approver BILLY WHEELER, : | |
| : | |
| Defendants : | **RECOMMENDATION** |

Plaintiff **DESMOND L. JONES**, an inmate at the Lowndes County Jail in Valdosta, Georgia, has filed a *pro se* civil rights complaint and amendment under 42 U.S.C. § 1983 against the above-named defendants.

## I. STANDARD OF REVIEW

### A. 28 U.S.C. § 1915(e)(2)

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds:  (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be

granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting ***Hishon*** **v.** ***King & Spalding***, 467 U.S. 69, 73 (1984)).

### *B. General Requirements of 42 U.S.C. § 1983*

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. ***See Wideman v. Shallowford Community Hosp., Inc.***, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. ***Id.***

## II. BACKGROUND

Plaintiff claims that he was arrested on October 8, 2005, on charges of parole violation. Once plaintiff was handcuffed, the arresting officer, defendant Sergeant Tomas Chavarria, took plaintiff to Chavarria's patrol car and "threw" plaintiff into the back seat. Plaintiff's left leg was apparently not in the car. According to plaintiff, Chavarria slammed the car door on plaintiff's ankle three times, severely injuring it.

In the relief section of his complaint, plaintiff also complains that at the time of his arrest, he had $1600.00 in cash in his possession, which was confiscated and never returned. Plaintiff seeks the return of his $1600.00.

In addition to Sergeant Chavarria, plaintiff names as defendants Patrolman Adam Ross Bembry, Reporting Officer Joshua Ellwood, and Approving Officer Billy Wheeler. Plaintiff neglected to raise any allegations whatsoever against Bembry, Joshua, and Wheeler.

## III. DISCUSSION

### A. *Defendants Bembry, Ellwood, and Wheeler*

It is not clear why plaintiff names Bemby, Ellwood, and Wheeler as defendants. As noted above, he does not mention them in the body of his complaint, or specifically allege their personal involvement in any of the actions that led to the alleged deprivations of plaintiff's constitutional rights. It is therefore **RECOMMENDED** that the complaint against defendants Bembry, Ellwood, and Wheeler be **DISMISSED**.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this order.

### B. *$1600.00*

Plaintiff alleges that his $1600.00 was either lost or stolen while in the care of the Valdosta Police Department. To the extent that plaintiff is alleging that negligence resulted in the loss of his money, he has failed to state a claim upon which relief can be granted. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986) (holding that the due process clause of the Fourteenth Amendment is not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property).

To the extent that plaintiff is alleging intentional misconduct, he still does not state a claim under section 1983. In *Hudson v. Palmer*, 468 U.S. 517, 533 (1984), the Supreme Court held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post deprivation remedy for the loss is available." The State of Georgia provides adequate post-deprivation remedies whereby plaintiff may sue the defendant in the state courts and

recover any damages due him for the loss of his property. *See* O.C.G.A. § 51-10-1. Such a cause of action still remains available to plaintiff.[1] Because plaintiff has adequate post-deprivation remedies available, he has failed to allege a violation of his Fourteenth Amendment rights. Consequently, it is **RECOMMENDED** that this claim be **DISMISSED** as frivolous.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this order.

### C. Defendant Chavarria

Although it is by no means clear that plaintiff will prevail on his excessive force claim against defendant Tomas Chavarria, at this juncture, the Court cannot determine that such claim is frivolous. The Court will therefore allow plaintiff's claim against Chavarria, by separate order, to go forward.

**SO RECOMMENDED**, this 8th day of June, 2006.

*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

---

[1] O.C.G.A. § 9-3-32 provides: "Actions for the recovery of personal property, or for damages for the conversion or destruction of same, shall be brought within four years after the right of action accrued."